IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-00065-FL

| | |
|---|---|
| SHANIQUA NYETTA HOUSE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 25, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. issued a memorandum and recommendation ("M&R") (DE 29), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely filed an objection to the M&R, to which defendant replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

On July 30, 2012, plaintiff filed applications for disability insurance benefits and supplemental social security income, alleging disability beginning January 23, 2009. The applications were denied initially and upon reconsideration. A hearing was held on August 25, 2015, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated October 20, 2015.[1] Plaintiff appealed the ALJ's decision to the appeals council.

---

[1] Hearing convened on October 20, 2014. At that time, hearing was continued to August 25, 2015, in order to allow plaintiff additional time to submit medical evidence.

On March 7, 2017, the appeals council denied plaintiff's request for review, and the ALJ's October 20, 2015, decision became defendant's final decision with respect to plaintiff's claims. Plaintiff filed the instant action on May 11, 2017, seeking review of defendant's decision.

## DISCUSSION

1. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must " 'include a narrative discussion describing how the evidence supports each conclusion,' " Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to the Commissioner of Social Security ("Commissioner") at the fifth step. Pass v. Chater, 65 F.3d

1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 23, 2009, the alleged onset date of plaintiff's disability. At step two, the ALJ found that plaintiff had the following severe impairments: myotonia congenital, also known as myotonic dystrophy and Thomsen's disease; mild right carpal tunnel syndrome; cervical plexopathy; cervicalgia; and chronic pain syndrome. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations ("listings" or "listed impairments"). See 20 C.F.R. § 404, Subpt. P, App. 1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

> [the claimant] should be allowed to alternate between sitting or standing positions at 30 minute intervals throughout the workday; [she should] never climb ladders, ropes, or scaffolds; occasionally climb ropes or stairs, balance and stoop; frequently kneel, crouch, or crawl; frequent rotation, flexion, and extension of the neck; frequent bilateral gross manipulation; and avoid all exposure to hazardous machinery and unprotected heights.

(Tr. pp. 13–14, DE 13). In making this assessment, the ALJ found plaintiff's statements about the severity of her symptoms not fully credible. At step four, the ALJ concluded plaintiff was unable to perform her past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B. Analysis

Plaintiff first argues that the ALJ failed to provide her adequate opportunity to explain her medical condition. In lodging this objection, plaintiff points to no particular error on the magistrate judge's part, but rather, restates without substantive elaboration, and in some respects verbatim, arguments made in prior briefing. (See DE 25). Upon careful review of the record, the court finds that the magistrate judge already has addressed the arguments raised by plaintiff in her objections, and plaintiff raises no new issues for the court's discussion. The magistrate judge thoroughly addressed plaintiff's arguments in the M&R, wherein he recounts plaintiff's testimony from the August 25, 2015, hearing and discusses how the ALJ considered this testimony in making his disability determination. Accordingly, the court adopts as its own the magistrate judge's analysis as its relates to plaintiff's first objection.

Next, plaintiff contends that the ALJ considered irrelevant medical evidence in reaching his conclusion. It is well-established that in determining whether an individual is disabled, an ALJ must "take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings. . . ; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment." Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(c) and 404.1529(c)). In lodging this objection, plaintiff suggests that the ALJ improperly considered evidence of medical conditions for which she does not seek disability insurance or social security supplemental income. (See DE 32, p. 3) ("The delivery method in which the 'ALJ' received medical records and findings were a mixture of the condition that I am filing for and various evaluations from emergency room visits that had nothing to do with my condition in which I am filing."). Contrary to plaintiff's suggestion, the ALJ did not consider irrelevant medical evidence in making

5

his disability determination. As set forth in the M&R, the ALJ properly considered all relevant medical and other evidence in the record in determining that plaintiff is not disabled under the terms of the Social Security Act. (See DE 29, pp. 13–19). Therefore, the court adopts as its own the magistrate judge's analysis as its relates to plaintiff's second objection.

**CONCLUSION**

Upon de novo review of those portions of the M&R to which specific objections have been made, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge. The court DENIES plaintiff's motion for judgment on the pleadings (DE 25), GRANTS defendant's motion for judgment on the pleadings (DE 26), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of July, 2018.

LOUISE W. FLANAGAN
United States District Judge